Filing # 22667144 E-Filed 01/16/2015 03:53:22 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

MICHAEL MORAN,

    Plaintiff,

v.

ECM, LLC a Florida
limited liability company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MICHAEL MORAN (hereinafter "Plaintiff" or "MORAN") by and through her undersigned attorney hereby sues defendant, ECM, LLC (hereinafter, "ECM"), and says:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful HOUSING practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing act of 1988, § 804(a), (b) and 818 (42 U.S.C. § 3601) and the Broward County Human Rights Act §§ 16 1/2 – 35(a), (b) and (f) and 36.

2. This Court has jurisdiction of the claims herein because the actions giving rise to the causes of action occurred in Broward County, Florida and damages exceed $15,000 exclusive of interest, attorney's fees and costs.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a citizen of the United States and at all times pertinent to this complaint resided in Broward County Florida. Plaintiff is over the age of eighteen years and otherwise *sui juris*.

5. Plaintiff is a Black, transgendered female and is a member of a class protected under Title VIII of the Civil Rights Act of 1968 and the Broward County Human Rights Act because the terms, conditions, and privileges of her rental arrangement were altered because of her race and/or sex.

6. Defendant ECM is an active foreign limited liability company. ECM is organized and existing in the State of California and duly authorized to conduct business in the State of Florida. Its registered agent is in Broward County.

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Broward County Human Rights Section which was dually filed with the Department of Housing and Urban Development.

8. Plaintiff's charge was filed within one year after the last instance of discrimination occurred. Specifically, the last date of discrimination, upon current information and belief, was committed by Defendant on or after April 22, 2012. Plaintiff filed her charge of discrimination on March 4, 2013.

9. Plaintiff was issued a Dismissal and Notice of Rights on December 17, 2013. This suit is filed in accordance with that Notice and within the applicable two year time limitation from the date of the termination of the discriminatory housing

2

practice, excluding the time during which the investigation took place (a copy of the Notice is attached hereto as Exhibit "A").

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff began residing in Unit 204 of a building located at 340 Jackson Street, Hollywood, Florida 33019, on or about December 15, 2008.

11. Throughout her residency, and especially in early 2012, Plaintiff's rental unit needed substantial repairs. Plaintiff sought relief from Defendant's representatives who resided nearby, Dina and Justin Samano. Upon best knowledge and belief, Dina is a licensed realtor.

12. The living conditions within Plaintiff's residence sufficiently deteriorated to the point where Plaintiff resided in her car for about two months due to the unsanitary situation inside her apartment.

13. An inspection conducted by the health department on or about February 20, 2012 resulted in a finding of critical issues within the apartment.

14. Plaintiff's complaints to the Defendant's representatives not only resulted in no action being taken to repair Plaintiff's apartment, but Dina and/or Justin used racial and sexual slurs towards Plaintiff.

15. On various occasions, Defendant's representatives called Plaintiff a n****r, made inappropriate comments about Plaintiff being transgender, and demanded plaintiff move out because she was transgender.

16. The discriminatory acts continued until April 22, 2012.

3

17. Upon information and belief, Defendant did not treat other tenants in the same manner.

## COUNT ONE – VIOLATION OF THE FAIR HOUSING ACT OF 1988 (DISCRIMINATION ON THE BASIS OF SEX)

18. Plaintiff incorporates herein the allegations contained in paragraphs 1–17, inclusive, as though same were fully re-written, and says:

19. Plaintiff brings this action under Title VIII of the Civil Rights Act of 1964, as amended by the Fair Housing Act of 1988 §§ 804(a) and (b) (42 U.S.C. § 3601) for damages caused by Defendants' unlawful rental practices committed against Plaintiff on the basis of her sex, transgendered female.

20. Plaintiff is a member of a protected class, to wit, transgendered female.

21. Defendant was responsible for discriminatory refusal to rent; discriminatory terms, conditions, privileges or services and facilities; and/or otherwise denying or making housing unavailable to Plaintiff.

22. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.

23. Defendant refused to repair Plaintiff's apartment because of her sex, transgendered female. If Plaintiff had been male, the misconduct likely would not have occurred.

24. Defendant, through its representatives used vulgar language and slurs towards Plaintiff because she was a transgendered female.

4

25. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of The Fair Housing Act of 1988, §813(c).

26. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under The Fair Housing Act of 1988. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

    a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Fair Housing Act of 1988, §813(c);

    b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT TWO – VIOLATION OF THE
## FAIR HOUSING ACT OF 1988
## (DISCRIMINATION ON THE BASIS OF RACE)

27. Plaintiff incorporates herein the allegations contained in paragraphs 1-17, inclusive, as though same were fully re-written, and says:

28. Plaintiff brings this action under Title VIII of the Civil Rights Act of 1964, as amended by the Fair Housing Act of 1988 §§ 804(a) and (b) (42 U.S.C. § 3601) for damages caused by Defendants' unlawful rental practices committed against Plaintiff on the basis of her race, Black.

29. Plaintiff is a member of a protected class, to wit, Black.

30. Defendant was responsible for discriminatory refusal to rent; discriminatory terms, conditions, privileges or services and facilities; and/or otherwise denying or making housing unavailable to Plaintiff.

31. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.

32. Defendant refused to repair Plaintiff's apartment because of her race, Black. If Plaintiff had been White and/or non-Black, the misconduct likely would not have occurred.

33. Defendant, through its representatives used vulgar language and racial slurs towards Plaintiff because she was Black.

34. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of The Fair Housing Act of 1988, §813(c).

6

35. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under The Fair Housing Act of 1988. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

    a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Fair Housing Act of 1988, §813(c);

    b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT THREE—VIOLATION OF THE FAIR HOUSING ACT OF 1988 (COERCION)

36. Plaintiff incorporates herein the allegations contained in paragraphs 1-17, inclusive, as though same were fully re-written, and says:

7

37. Plaintiff brings this action under Title VIII of the Civil Rights Act of 1964, as amended by the Fair Housing Act of 1988 § 818 (42 U.S.C. § 3601) for damages caused by Defendants' unlawful rental practices committed against Plaintiff on the basis of coercion.

38. Plaintiff is a member of a protected class, to wit, black transgendered female.

39. Defendant coerced, intimidated, threatened or interfered with the exercise or enjoyment of Plaintiff's fair housing rights.

40. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.

41. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of The Fair Housing Act of 1988, §813(c).

42. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under The Fair Housing Act of 1988. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused

by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Fair Housing Act of 1988, §813(c);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FOUR—VIOLATION OF THE BROWARD COUNTY HUMAN RIGHTS ACT (DISCRIMINATION BASED ON SEX)

43. Plaintiff incorporates herein the allegations contained in paragraphs 1-17, inclusive, as though same were fully re-written, and says:

44. Plaintiff is a member of a protected class under the Broward County Human Rights Act ("BCHRA"), §§16 1/2—35(a), (b) and (f), based on her sex, transgendered female.

45. Plaintiff is a member of a protected class, to wit, transgendered female.

46. Defendant was responsible for discriminatory refusal to rent; discriminatory terms, conditions, privileges or services and facilities; and/or otherwise denying or making housing unavailable to Plaintiff.

47. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.

48. Defendant refused to repair Plaintiff's apartment because of her sex, transgendered female. If Plaintiff had been male, the misconduct likely would not have occurred.

9

49. Defendant, through its representatives used vulgar language and slurs towards Plaintiff because she was a transgendered female.

50. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of the BCHRA, §16 ½—53(f).

51. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the BCHRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the BCHRA, §16 ½—53(f);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FIVE—VIOLATION OF THE BROWARD COUNTY HUMAN RIGHTS ACT
### (DISCRIMINATION BASED ON RACE)

52. Plaintiff incorporates herein the allegations contained in paragraphs 1-17, inclusive, as though same were fully re-written, and says:

53. Plaintiff is a member of a protected class under the Broward County Human Rights Act ("BCHRA"), §§16 1/2—35(a), (b) and (f), based on her race, Black.

54. Plaintiff is a member of a protected class, to wit, Black.

55. Defendant was responsible for discriminatory refusal to rent; discriminatory terms, conditions, privileges or services and facilities; and/or otherwise denying or making housing unavailable to Plaintiff.

56. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.

57. Defendant refused to repair Plaintiff's apartment because of her race, Black. If Plaintiff had been White and/or non-Black, the misconduct likely would not have occurred.

58. Defendant, through its representatives used vulgar language and slurs towards Plaintiff because she was a transgendered female.

59. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of the BCHRA, §16 1/2—53(f).

60. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the BCHRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned,

and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the BCHRA, §16 ½—53(f);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT SIX—VIOLATION OF THE BROWARD COUNTY HUMAN RIGHTS ACT (COERCION)

61. Plaintiff incorporates herein the allegations contained in paragraphs 1–17, inclusive, as though same were fully re-written, and says:

62. Plaintiff brings this action under the Broward County Human Rights Act ("BCHRA"), §§16 1/2—36 for damages caused by Defendants' unlawful rental practices committed against Plaintiff on the basis of coercion.

63. Plaintiff is a member of a protected class, to wit, black transgendered female.

64. Defendant coerced, intimidated, threatened or interfered with the exercise or enjoyment of Plaintiff's fair housing rights.

12

65. Dina and Justin were, at all times relevant, acting within the course and scope of their representation of Defendant.
66. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, actual and punitive damages, attorney's fees and costs, pursuant to the provisions of the BCHRA, §16 ½—53(f).
67. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the BCHRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers/employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff MICHAEL MORAN requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the BCHRA, §16 ½—53(f);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff MICHAEL MORAN demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 16, 2015.

                LAW OFFICES OF CHARLES EISS, P.L.
                Attorneys for Plaintiff
                8211 W. Broward Blvd., Suite 360
                Plantation, Florida 33324
                (954) 990-6923 (Telephone)
                (855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
       CHARLES M. EISS, Esq.
       Fla. Bar #612073
       ceiss@icelawfirm.com
       LINDSAY M. MASSILLON, Esq.
       Fla. Bar #92098
       lmassillon@icelawfirm.com